# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD E. MITCHELL, JR., | Case No. 2:17-cv-00686-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Presently before the court is pro se plaintiff Donald E. Mitchell, Jr.'s motion to extend time (ECF No. 19), filed on November 16, 2018. Defendants filed a response (ECF No. 21) on November 30, 2018. Plaintiff filed a reply (ECF No. 23) on December 19, 2018.

Also before the court is plaintiff's motion to compel (ECF No. 20), filed on November 28, 2018. Defendant filed a response (ECF No. 22) on December 12, 2018. Plaintiff filed a reply (ECF No. 24) on December 26, 2018.

Also before the court is plaintiff's emergency motion to extend the time for service (ECF No. 33), filed March 1, 2019.

**I.      BACKGROUND**

This is a civil rights action under 42 U.S.C. § 1983 by a prisoner of the Nevada Department of Corrections (NDOC) against the State of Nevada and multiple NDOC employees. (Compl. (ECF No. 4).) The court ordered the Attorney General's Office to file under seal the last known address for those defendants for whom the Attorney General's Office cannot accept service. (Order (ECF No. 9).) The Attorney General's Office then submitted defendant Warren's address under seal, and the court notified plaintiff of the submission. (Order (ECF No. 12).) Plaintiff then filed a motion requesting service and issuance of service (ECF No. 13), which the court granted (ECF No. 15). Plaintiff was to complete the required portions of the USM-285

form and return the form to the court. (Order (ECF No. 15).) Upon receipt of the form, the clerk of court was to complete the form with defendant Warren's address and deliver the summons, the USM-285 form, and the complaint to the U.S. Marshal's office for service. (Order (ECF No. 15).) The clerk of court issued summons under seal, and the summons was returned unexecuted and filed under seal on the docket. (Sealed Summons Issued (ECF No. 17); Sealed Summons Returned (ECF No 18).) Theses entries are sealed on the docket and did not generate an electronic public notice to the parties. (Not. Of Electronic Filing (ECF No. 18).) Additionally, this court issued a scheduling order providing December 12, 2018 as the discovery deadline. (Scheduling Order (ECF No. 16).)

Plaintiff now moves for an extension of the court's scheduling order and to compel discovery responses from defendants. (Mot. to Extend (ECF No. 19); Mot. to Compel (ECF No. 20).) Defendants oppose the discovery extension, arguing that the request for an extension is not ripe and that plaintiff has time to resolve discovery disputes before the end of discovery. (Resp. (ECF No. 21).) Further, defendants oppose the motion to compel, arguing that plaintiff did not meet and confer as required. (Resp. (ECF No. 22).) Plaintiff replies that he diligently pursued discovery and that defendants intentionally delayed in responding to his discovery requests. (Reply (ECF No. 23).) Plaintiff also states that the motion to compel included a certification that he attempted to meet and confer in good faith. (Reply (ECF No. 24).)

Plaintiff also moves to extend the deadline to serve defendant Anthony Warren. (Mot. for Emergency Judicial Notice (ECF No. 33).) Plaintiff argues that he completed the USM-285 form as ordered by the court, and that he is unable to explain why defendant has not appeared in this case. (*Id.*)

**II.   MOTION TO EXTEND**

Local Rule 26-4 provides that motions to extend any date set by the discovery plan and scheduling order must, "in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension." LR 26-4. Motions or stipulations to extend deadlines must be made "no later than 21 days before the expiration of the subject deadline." *Id.* "A request made within 21 days of the subject deadline must be supported by a showing of good

cause." *Id.* The good cause standard under LR 26-4 is the same as that for modification of the scheduling order under Federal Rule of Civil Procedure 16(b). As stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the good cause standard primarily considers the diligence of the party or parties seeking the extension. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-4.

Here, plaintiff argues that good cause exists as defendants delayed submitting discovery responses, therefore leaving plaintiff with limited time to complete discovery. Plaintiff submits that he served his discovery requests on September 27, 2018. Defendants argue that they responded to plaintiff on October 30, 2018. Plaintiff replies that defendants' delay in responding to the discovery requests reduced the time available to conduct discovery. While the court declines to issue a finding regarding defendants' alleged delay in responding to plaintiff's request, the court does find that plaintiff demonstrated diligence in obtaining the discovery responses. Plaintiff submitted his requests to defendants well in advance of the discovery deadline. Thus, the court finds good cause to reopen discovery for 30 days, for the limited purpose of resolving the dispute regarding defendants' response to plaintiff's discovery request.

**III.    MOTION TO COMPEL**

Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the other party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1). Additionally, Local Rule 26-7(c) provides that:

> discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Plaintiff also moves to compel defendants to respond to his discovery requests and produce written reports, transcripts of recorded statements, and medical records. Defendants respond that they submitted to plaintiff documents pertinent to his requests, and that documents not disclosed were appropriately witheld. Defendant also argues that plaintiff failed to meet and

confer. Plaintiff replies that he complied with the meet and confer requirement by submitting a letter to defendants dated September 27, 2018.

Having reviewed the motion, the court finds that plaintiff did not meet and confer with defendants in good faith. Plaintiff attached his letter requesting a meet and confer to his initial discovery requests dated September 27, 2018, the responses to those requests are now in dispute. As such, plaintiff's request for a meet and confer predated this dispute. Therefore, plaintiff could not meaningfully discuss the substance of a dispute "in a genuine effort to avoid judicial intervention" when the dispute did not yet exist. *See Cung Le v. Zuffa, LLC*, 321 F.R.D. 636, 647 (D. Nev. 2017) (citing *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)). Therefore, the court will deny the motion to compel for failure to meet and confer in good faith.

## III. MOTION TO EXTEND TIME FOR SERVICE

Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 120 days. Fed. R. Civ. P. 4(m). If the serving party does not show good cause, the court has broad discretion to extend time for service, or to dismiss the complaint without prejudice. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, plaintiff completed the USM-285 form and returned the form as ordered by the court. The clerk of court then completed the form with defendant Warren's address and issued summons to defendant Warren. The summons was returned unexecuted and filed on the docket under seal without generating electronic notice. Given that plaintiff did not receive notice that the summons was returned unexecuted, the court finds good cause to extend the deadline for service. The deadline for service is extended an additional 30 days from the date of this order.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's motion to extend time (ECF No. 19) is GRANTED. Discovery is reopened for an additional 30 days for the limited purpose of resolving the issue of defendants' discovery responses.

IT IS FURTHER ORDERED that plaintiff's motion to compel (ECF No. 20) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's emergency motion to extend the time for service (ECF No. 33) is GRANTED.

IT IS FURTHER ORDERED that the 4(m) proof of service deadline is extended 30 days from the date of this order.

DATED: March 8, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE