# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD E. MITCHELL, JR., | Case No. 2:17-cv-00686-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Presently before the court is plaintiff's motion for service and re-issuance of summons (ECF No. 40), filed on April 12, 2019.

Also before the court is plaintiff's emergency judicial notice requesting extension of time (ECF No. 41), filed on April 12, 2019. Defendants Carrie Alvarado, Timothy Filson, Jerry Howell, Bianca Knight-Groover, Perry Russell, and Dwight Neven filed a response (ECF No. 43) on April 24, 2019. Plaintiff filed a reply (ECF No. 45) on May 6, 2019.

**I.     BACKGROUND**

This is a civil rights action under 42 U.S.C. § 1983 by a prisoner of the Nevada Department of Corrections (NDOC) against the State of Nevada and multiple NDOC employees. (Compl. (ECF No. 4).) On March 8, 2019, the court entered an order reopening discovery for 30 days for the limited purpose of resolving issues related to defendants' discovery responses. (Order (ECF No. 35).) The court also extended the Federal Rule of Civil Procedure 4(m) deadline, providing plaintiff with an additional 30 days to serve defendant Anthony Warren. (*Id.*) On April 10, 2019, the court dismissed defendant Warren from this action, as plaintiff failed to file proof of service by the deadline. (Order (ECF No. 37).) Plaintiff then filed a motion for relief requesting that the court reconsider its dismissal of defendant Warren from this action. (Mot. for Relief (ECF No. 42).)

1     Plaintiff now moves for service and the issuance of summons to defendant Warren. (Mot.
2 for Service (ECF No. 40).) Plaintiff argues that he complied with the court's orders, but that
3 defendant is "running from the Angel of Justice." (*Id.*)

4     Plaintiff also moves to extend the close of discovery, arguing that good cause for the
5 extension exists because he was placed into solitary confinement and was unable to visit the
6 prison library or reach out to defendants' counsel to resolve the discovery dispute. (Mot. to
7 Extend (ECF No. 41).) Defendants respond conceding that an incident occurred on March 23,
8 2019, leading to the discipline of plaintiff. (Resp. (ECF No. 43).) Defendants further argue that
9 plaintiff was assigned to administrative segregation pending the adjudication of the disciplinary
10 charge and that plaintiff retained access to legal materials, phone, mail, and inmate store
11 privileges. (*Id.*) Plaintiff replies that defendants are attempting to prejudice plaintiff by relying
12 on his disciplinary history and that the court should now consider grievances filed against
13 defendants Alvarado and Knight by other inmates. (Reply (ECF No. 45).)

## II. MOTION FOR SERVICE

15     Given that Warren is no longer a party to this action, the motion for service is denied
16 without prejudice. Plaintiff may refile the motion if the court resolves the pending motion for
17 relief in his favor.

## III. MOTION TO EXTEND

19     Under Rule 6(b) of the Federal Rules of Civil Procedure, the court may, for good cause,
20 extend a deadline "if a request is made before the original time or its extension expires." Fed. R.
21 Civ. P. 6(b)(1)(A). The Ninth Circuit has equated good cause with the exercise of due diligence.
22 *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 509 (9th Cir. 1992). Under Local Rule
23 26-4,

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject

deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

LR 26-4.

Having reviewed the motion, the court finds that plaintiff has failed to demonstrate good cause or excusable neglect. Plaintiff submitted this motion after the discovery deadline expired on April 7, 2019. Plaintiff argues that he was unable to access the prison library, nor could he contact defendants' counsel to resolve any discovery issues. However, defendants demonstrate that plaintiff retained access to legal materials, phone, mail, and the inmate store while placed in administrative segregation. Given that plaintiff was in a position to contact defendants' counsel and conduct discovery during his time in administrative segregation, the court finds that plaintiff has not demonstrated good cause in extending the close of discovery. As such, the motion to extend is denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the motion for service and re-issuance of summons (ECF No. 40) is DENIED without prejudice.

It is further ordered that plaintiff's emergency judicial notice requesting extension of time (ECF No. 41) is DENIED.

DATED: May 14, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE