# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DONALD E. MITCHELL, JR.,

    Plaintiff

v.

STATE OF NEVADA, et al.,

    Defendants

Case No.: 2:17-cv-00686-APG-DJA

**Order**

[ECF Nos. 71, 72]

Plaintiff Donald Mitchell, Jr. sues several defendants for events that took place while he was incarcerated by the Nevada Department of Corrections (NDOC) at High Desert State Prison (HDSP). My screening order allowed two counts to proceed. Count one alleges retaliation against defendants Bianca Knight-Groover (referred to by the parties as Knight), Carrie Alvarado, Timothy Filson, and Bruce Stroud. Count two alleges (a) a retaliation claim against Knight for filing false disciplinary charges against Mitchell, (b) a due process claim against defendants Dwight Neven and Perry Russell for Mitchell's placement in solitary confinement pending a disciplinary hearing without conducting an informal, non-adversarial review; and (c) a due process claim against Anthony Warren, Jerry Howell, and Stroud based on a guilty finding on the false charges without allowing Mitchell to call witnesses. ECF No. 3. The State of Nevada Office of the Attorney General accepted service and appeared for all the defendants except Stroud (who is deceased)[1] and Warren.

I previously dismissed Mitchell's claim against Warren because Mitchell failed to timely serve him. I also granted in part the other defendants' motion for summary judgment and ruled that Mitchell had failed to exhaust his administrative remedies for count two. I therefore denied

---

[1] Mitchell later dismissed Stroud. ECF Nos. 53, 54.

1  Mitchell's motion for relief from the dismissal of Warren because the only claim against Warren

2  had been dismissed for lack of exhaustion.

3       Mitchell now moves for reconsideration of my order granting summary judgment on

4  count two.  He contends that he exhausted his administrative remedies and that my prior ruling

5  was clear error based on a misunderstanding of the facts.  Mitchell also argues that if his claims

6  in count two are reinstated, then Warren should be reinstated as a defendant and he should be

7  given time to properly serve Warren.  The other defendants oppose reconsideration of the

8  summary judgment order as to them, but they take no position on reinstating Warren or

9  extending time to serve him.

10       I grant in part Mitchell's motion for reconsideration.  Upon review of the evidence and

11  the parties' arguments, I conclude I improvidently granted summary judgment on the issue of

12  exhaustion for the part of count two that alleges a due process violation at the disciplinary

13  hearing.  Because that portion of claim two is the part for which Warren was a defendant, I

14  reinstate Warren as a defendant, and I extend the deadline for Mitchell to serve him.  However, I

15  decline to reconsider my decision that Mitchell did not exhaust the remainder of count two.

16  **I.  ANALYSIS**

17       **A.  Timeliness**

18       The appearing defendants[2] argue that Mitchell's motion for reconsideration is untimely.

19  Mitchell responds that considering the sequence of events and his prior pro se status, the motion

20  is timely.

21       Under Local Rule 59-1(c), a motion for reconsideration must be brought "within a

22  reasonable time."  "What constitutes reasonable time depends upon the facts of each case, taking

23

[2] The appearing defendants are all the defendants except Stroud and Warren.

2

1  into consideration the interest in finality, the reason for delay, the practical ability of the litigant

2  to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United*

3  *States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (quotation omitted).

4          I dismissed Warren from the case in April 2019. ECF No. 37.  During that time, the

5  parties were briefing the appearing defendants' motion for summary judgment. ECF Nos. 25-30,

6  32.  Mitchell subsequently requested relief from the order dismissing Warren, reissuance of the

7  summons, and an extension of time to serve Warren. ECF Nos. 40-42.  The magistrate judge

8  denied the requests to reissue the summons and for an extension of time, without prejudice to

9  refile if I granted relief from the dismissal order. ECF No. 47.

10          I thereafter granted in part and denied in part the defendants' motion for summary

11  judgment. ECF No. 52.  As relevant here, I ruled that Mitchell's claims in count two were

12  unexhausted under the Prison Litigation Reform Act (PLRA), so I dismissed them. *Id.* at 5-7.

13  Because count two was the only claim for which Warren was a defendant, I concluded that

14  granting relief from the prior dismissal order would be futile. *Id.* at 12.

15          About a month later, the defendants appealed the part of my order that denied summary

16  judgment on count one of Mitchell's complaint. ECF No. 55.  Mitchell had been proceeding pro

17  se up to this point, but I appointed pro bono counsel, who continues to represent him. ECF No.

18  64.  The appeal was dismissed about one year after the defendants appealed, and my order on

19  mandate was entered on October 22, 2020. ECF No. 67.

20          On December 1, 2020, I ordered the parties to file either a proposed joint pretrial order or

21  a status report on the remaining claim by January 8, 2021. ECF No. 68.  The parties filed a status

22  report indicating that Mitchell intended to file a motion for reconsideration of my order

23  dismissing count two, to seek reinstatement of Warren as a defendant, and to request an

extension of time to serve him. ECF No. 69.  On February 12, 2021, Mitchell filed the present motion for reconsideration.

Less than a month passed between when I ruled on the defendants' motion and when the defendants appealed, and Mitchell was representing himself at that time.  The matter remained at the Ninth Circuit until late October 2020.  About a month after the case was remanded, I directed the parties to file either a proposed pretrial order or a status report, which the parties did on January 8, 2021.  Mitchell filed the present motions about a month later.  Considering the circumstances of this case, that was not an unreasonable amount of time to move for reconsideration.  I therefore will consider it.

**B.  Exhaustion**

As relevant to the motions presently at issue, count two of Mitchell's complaint alleged that Knight retaliated against him for filing grievances by filing false disciplinary charges against him.  He also alleged a due process violation arising from him being sent to solitary confinement while awaiting his disciplinary hearing on the false charges.  Finally, he alleged that Warren violated his due process rights at the disciplinary hearing when Warren denied his request for witnesses, relied only on Knight's false report, and found him guilty despite an absence of other evidence.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies prior to filing a lawsuit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  That means the inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  The inmate thus must comply "with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Consequently, the defendants bear the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the defendants do so, then the burden shifts to the inmate to show "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted).  The defendants bear the "ultimate burden" of proving a failure to exhaust. *Id.*

NDOC's grievance process is governed by Administrative Regulation (AR) 740. ECF No. 26 at 77-89.  That process typically has three levels through which the inmate must proceed in order to exhaust: an informal grievance, first level, and second level. *Id.* at 10-15.  However, a disciplinary appeal does not go through this normal process.  Instead, to file a disciplinary appeal the inmate must file an informal grievance for tracking purposes and a first level grievance that goes directly to the Warden. *Id.* at 80, 82.

Mitchell's claims related to the allegedly false disciplinary charges and the subsequent disciplinary process generated three lines of grievances: grievance number 20063022714 (714

grievance), grievance number 20063027272 (272 grievance), and 20063027722 (722 grievance).[3]  The 714 grievance was focused on the alleged retaliation by Knight.  Mitchell properly filed informal and first level grievances related to the 714 grievance. ECF No. 26 at 29-57; 28 at 137.  Mitchell's second level grievance was rejected with the notation that Mitchell "must follow the same protocol as all of the other inmates . . . by submitting [a grievance] into the grievance box or giving it to your caseworker." ECF No. 26 at 27.  The second level grievance also had a handwritten notation that the grievance was "rejected—re-file." *Id.* at 28.  There is no evidence Mitchell refiled the second level grievance for the 714 grievance.

The 272 grievance was a disciplinary appeal, which although completed through the grievance process, follows a different route. ECF No. 26 at 78.  Consistent with AR 740, Mitchell filed an informal grievance for tracking purposes and a first level grievance for the disciplinary appeal, but his grievance was rejected as duplicative of the 714 grievance. ECF Nos. 26 at 59, 62-63, 67-75; 27 at 35.  Mitchell explained that it was not a duplicate because he was appealing from the disciplinary hearing. ECF Nos. 26 at 59-60; 27 at 35; 28 at 155, 169.  Mitchell filed a second level grievance, but Stroud denied it and told Mitchell that he could not proceed to the next level when the prior level was not accepted. ECF No. 26 at 59, 60-61; 27 at 35.  Mitchell filed an amended disciplinary appeal under the 272 grievance number on September 20, 2016. ECF No. 28 at 139-44.  On October 18, 2016, Mitchell was told that the 272 grievance was "exhausted" and that he should not refile it because it would not be accepted. ECF No. 28 at 125.

---

[3] The parties' presentation of the evidence is a hodgepodge of documents in no order, often with pages of the same document running from the last page to the first.  The parties are encouraged to present the evidence in an intelligible and orderly fashion in the future.

In the 722 grievance, Mitchell objected to the determination that the 272 grievance was a duplicate of the 714 grievance. ECF Nos. 27 at 34; 28 at 146-48.  That explanation was rejected with the response that Mitchell could not "grieve how grievances are responded to." *Id.*; ECF No. 28 at 145.

Having reevaluated the evidence and AR 740, I reconsider my ruling that the defendants have established the affirmative defense of lack of exhaustion as a matter of law.  A reasonable jury could find that Mitchell was thwarted from exhausting his disciplinary appeal because NDOC officials erroneously rejected his 272 grievance as duplicative of the 714 grievance such that the administrative remedy of a disciplinary appeal became unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (stating that an administrative remedy may become unavailable to an inmate "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").  Consequently, the due process claims in count two against Warren, Howell, Neven, and Russell are reinstated.  I grant Mitchell's request for relief from the order dismissing Warren for lack of service and extend time for him to serve Warren.

However, I deny Mitchell's request for reconsideration as to the retaliation claim against Knight in count two.  Mitchell does not explain why he did not refile the second level grievance for his retaliation claim against Knight under the 714 grievance, as he was directed to do.  Consequently, I deny his motion as to this portion of count two.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff Donald Mitchell, Jr.'s motion for reconsideration **(ECF No. 71) is GRANTED in part**.  The motion is granted as to the due process violation in count two against defendants Anthony Warren, Jerry Howell, Dwight Neven, and Perry Russell.

1  The clerk of court is instructed to reinstate Anthony Warren as a defendant in this action.  The

2  motion is denied as to the retaliation claim against defendant Bianca Knight in count two.

3          I FURTHER ORDER that plaintiff Donald Mitchell, Jr.'s motion to extend time to serve

4  Anthony Warren **(ECF No. 72) is GRANTED**.  Mitchell shall have until November 24, 2021 to

5  serve defendant Anthony Warren.

6          I FURTHER ORDER that, consistent with the parties' joint status report (ECF No. 69),

7  the parties' stipulation to reopen discovery and to reset the pretrial order deadline is due October

8  5, 2021.

9          DATED this 24th day of September, 2021.

10

11                                                    _____
                                                      ANDREW P. GORDON
12                                                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

8